```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


CARLTON McLINTON,              )
        Plaintiff,             )
                               )
     v.                        )  C.A. No. 05-10513-DPW
                               )
U.S. DEPARTMENT OF TREASURY,   )
        Defendant.             )
```

MEMORANDUM AND ORDER

On March 11, 2005, plaintiff Carlton McLinton submitted for filing an Application to Proceed Without Prepayment of Fees accompanied by a local civil cover sheet and five sheets of paper that appear to be Mr. McLinton's attempt at filing a civil complaint.

For the reasons stated below, (1) plaintiff's Application to Proceed Without Prepayment of Fees is denied without prejudice; and (2) if plaintiff files a new fee waiver application, he is directed to also file an amended complaint that confirms with the Federal Rules of Civil Procedure.

DISCUSSION

I.   Plaintiff Must Either Pay the Filing Fee or Submit a New Application to Proceed Without Prepayment of Fees

A party filing a complaint in this Court must either (1) pay the $250.00 filing fee for such actions or (2) file an application to proceed in forma pauperis.  See 28 U.S.C. §

1914 ($250.00 filing fee); § 1915 (proceedings in forma pauperis).

Plaintiff submitted an application to proceed without prepayment of fees, however, he failed to answer questions three and four on the application. He also failed to sign and date the application. Thus, plaintiff's application will be denied without prejudice to its re-filing. If plaintiff files a new application, he is also directed to demonstrate good cause why this action should not be dismissed. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

    II.   Plaintiff's Complaint Fails to Conform
          With the Federal Rules of Civil Procedure

Although the Court recognizes that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), this action is nevertheless subject to dismissal. Here, plaintiff's complaint fails to conform with the Federal Rules of Civil Procedure. Pursuant to Rule 10(b), "[a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . ." Fed. R. Civ. P. 10(b). Additionally, pursuant to Federal Rule of Civil Procedure 8(a), a complaint must include

"a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a demand for judgment for the relief the pleader seeks."

Plaintiff's complaint consists of five sheets of paper that collectively contain approximately eight words, most of which are illegible.  Therefore, plaintiff will be granted additional time to file an amended complaint.  If plaintiff chooses to file a amended complaint, the amended complaint shall: (1) provide a jurisdictional basis for his claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief she is seeking as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the defendant's conduct.

## ORDER

Based upon the foregoing, it is hereby

ORDERED, plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 1) is DENIED WITHOUT PREJUDICE; and it is further

ORDERED, plaintiff shall either pay the $250 filing fee or file a new Application to Proceed Without Prepayment of Fees within thirty-five (35) days from the date of this Memorandum and Order, or this action will be subject to

dismissal.  If plaintiff chooses to file a new Application to Proceed Without Prepayment of Fees, he shall also file an amended complaint that conforms with the Federal Rules of Civil Procedure; and it is further

ORDERED, the Clerk shall send plaintiff a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

Dated at Boston, Massachusetts, this 24th day of March, 2005.

>       /s/ Douglas P. Woodlock
> DOUGLAS P. WOODLOCK
> UNITED STATES DISTRICT JUDGE